UNITED STATES COURT DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

DOCKT No.

EDDY JEAN PHILIPPEAUX,

Plaintiff,

v.



UNITED STATES OF AMERICA
DEPARTMENT OF VETERANS AFFAIRS
Unnamed Agents of the Department of
Affairs in their individual capacities.

Defendants.

---

**FEDERAL TORT CLAIMS ACT COMPLAINT
AND CONSTITUTIONAL CHALLENGE TO
CONGRESSIONAL STATUTE: 38 U.S.C. 511**

---

Eddy Jean Philippeaux (Prose)
201 Se 2nd Ave. #2521
Miami, Florida  33131
(917)636-0840

i

Amendment V

"nor be deprived of life, liberty, or property, without due process of law"

**COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT.**

**I**

**DUE PROCESS CLAUSE VIOLATIONS: (5th AMENDMENT U.S. CONST.), EQUAL PROTECTION CLAUSE VIOLATIONS (14th AMENDMENT U.S. CONST.) AND MEDICAL MALPRACTICE FOR FAILURE TO DIAGNOSE AND TREAT CAUSES OF SERVICE CONNECTED MENTAL DISORDERS (TBI): INCLUDING DYSTHYMIC DISORDER, PSYCHOSIS AND HYPERTHYROIDISM AS REQUIRED BY VA LAWS.**

**II**

**TWENTY-THREE (23) YEARS DELAY IN THE DELIVERY OF CARE AND TREAMENT FOR CAUSES OF MENTAL DISORDER DISEASES WHICH IS LINKED TO THE PROCESSING OF VETERAN'S CLAIMS WHO SUFFERED A TRAUMATIC BRAIN INJURY INVOLVING INTERNAL BRAIN DAMAGE IN THE LINE OF DUTY WHILE ON ACTIVE DUTY SERVICE AND CONTRACTED OTHER RELATED DISEASES AS THE RESULT THEREOF INCLUDING MENTAL DISORDERS (PSYCHOSIS) WHILE IN SERVICE INCLUDING HYPERTHYROIDISM ARE TO BE DECLARED UNCONSTITUTIONAL BY THIS COURT.**

**III**

**FAILURE TO PROVIDE THE VETERAN WITH ACCESS TO THE VA BENEFITS APPEAL PROCESS IN 1997 AS REQUIRED BY THE VETERANS JUDICIAL REVIEW ACT OF 1988 WHILE HE WAS MENTALLY INCAPACITATED SUFFERING FROM POST TRAUMATIC AMNESIA (PTA) RESULT OF A TRAUMATIC BRAIN INJURY HE SUFFERED IN THE LINE OF DUTY WHILE ON ACTIVE DUTY SERVICE IS VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT AND EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION.**

**IV**

**THIS VETERAN CHALLENGES THE CONSTITUTIONALITY OF SECTION 511 OF TITLE 38 AS BEING AN UNCONSTITUTIONAL STATUTE BECAUSE IT HAS DEPRIVED THIS VETERAN HIS DUE PROCESS RIGHTS TO PROPERTY INTERESTS PROVIDED BY THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION. THE STATUTE IS THE DIRECT CAUSE OF THIS VETERAN'S DEMISE AND MISCHIEFS BY THE EMPLOYEES OF THE DEPARTMENT OF VETERANS AFFAIRS WHEN HE FAILED TO FAIRLY ADJUDICATE AND DENY THE VETERAN'S 1995 TRAUMATIC BRAIN INJURY CLAIMS DENIED HIS APPEAL RIGHTS ACCORDED BY THE VETERANS JUDICIAL ACT OF 1988, RECEIVE ASSISTANCE REQUESTED FROM THE U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK AND VA'S FAILURE TO AFFORD A DISABLED VETERAN ENTITLED BENEFITS AND APPEAL PROCESS RIGHTS ACCORDED BY THE VETERANS JUDICIAL RECIEW ACT OF 1988 WHILE HE WAS SUFFERING FROM POST-TRAUMATIC AMNESIA REQUIRED PROTECTION FROM THE COURTS UNDER THE UNITED STATES CONSTITUTION SPECIFICALLY THE 5TH AMEMDMENT CLAUSE. VETERAN WAS SUFFERING FROM AMNESIA, A RESIDUAL DISEASE RESULT OF THE BRAIN INJURY SUFFERED IN THE LINE OF DUTY WHILE ON ACTIVE DUTY IN THE MILITARY. THE STATUTE DEPRIVED HIM OF HIS ENTITLED RELIEF SOUGHT FROM THE U.S. DISTRICT COURT OF**

Amendment V

"nor be deprived of life, liberty, or property, without due process of law"

**NEW YORK IN 2010 WHEN VA EMPLOYEES SOUGHT TO COVER UP HIS 1995 BENEFITS CLAIMS AND PENDING APPEAL BY REPLACING  A TBI MEDICAL AND COMPENSATION EXAMINATION REPORT DIAGNOSIS TO ONE THAT HAD A NO TBI DIAGNOSIS AND THE DEFENDANT (VA) CLAIMES THAT THE COURT HAD LACK JURISDICTION WHICH RESULTED IN THE DISMISSAL OF THE VETERAN'S CLAIM WHICH RESULTED EFFECTIVELY OF NO RELIEF WHILE THE VA CONTINUED VIOLATING THE PROPERTY INTEREST OF THIS VETERAN FROM HIS 1995 CLAIMS AND PENDING APPEAL WHICH HAS RESULTED IN FURTHER AGGRAVATION OF HIS BRAIN INJURIES OR PERMANENT BRAIN DAMAGE, AND FURTHER ECONOMIC LOSSES THROUGH LOST OF EARNED WAGES OF $4400.00 A WEEK THE LAST TIME HE WORKED AS A WALL STREET UNIX SYSTEMS ADMINSTRATOR AND BY  NOT RECEIVING THE REHABILITATION SERVICES REQUIRED UNDER 38 USC 1710C AFTER 15 YEARS OF A THEN PENDING BRAIN INJURY AND STILL PENDING TBI CLAIMS AT THE VA REGIONAL OFFICES IN NEW YORK CITY, LOS ANGELES, CALIFORNIA AND ST. PETERSBURG FLORIDA. THE DEPRIVATION CLOSED ALL DOORS TO THE VETERAN TO REGAIN HIS ABILITY TO RETURN TO WORK THROUGH REHABILITATION SERVICES WHICH HE WAS DEPRIVED AND TO REJOIN THE EMPLOYMENT FORCE IN A HIGH WAGE TECHNICAL FIELD OF AVIONICS AND INFORMATION TECHNOLOGY.   SECTION 511 OF TITLE 38 AS RAISED BY THE DEFENDANT THEN IS THE DIRECT RESULT OF THE WRONGFUL DEATH OF THE VETERAN'S MOTHER IN THE FAILURE TO RECEIVE THE RELIEF REQUESTED FROM THE COURT AND THE DEMISE OF THE VETERAN'S CAREER WHILE THE VA REGIONAL OFFICES HAD BEEN AND CONTINUE TO VIOLATE THE VETERAN'S CONSTITUTIONAL RIGHTS.  THE CONSTITUTIONAL VIOLATIONS HAD BEEN IN EFFECT SINCE FEBRUARY 1995 WHEN VA EMPLOYEES FAIL TO CARRY THEIR MANDATE WHICH IS TO PROVIDE THE CARE, SERVICES AND BENEFITS TO THIS INJURED VETERAN.  ADDITIONALLY, LEAVING ENTITLED MENTAL DISORDERS VETERANS, THIS VETERAN IN PARTICULAR DUE HIS ELECTRONIC WARFARE BACKGROUND IN THE U.S. AIR FORCE IN A HOMELESS STATE ROAMING THE STREETS IS A THREAT, CLEAR AND PRESENT DANGER TO THE NATIONAL SECURITY OF THE UNITED STATES.**

Johnson, 415 U.S. at 366-74, 94 S.Ct. at 1165-69, 39 L.Ed.2d at 397-401.

In Johnson, the Court construed the jurisdictional implications of 38 U.S.C. §  211(a), the precursor to § 511(a).  The Court held that while §  211(a) insulated from judicial review decisions of the Administrator of Veterans Affairs (now, the Secretary) in the interpretation or application of a statute governing veterans' benefits, it did not preclude the district courts from entertaining facial constitutional challenges to acts of Congress affecting benefits.  Johnson, 415 U.S. at 366-74, 94 S.Ct. at 1165-69, 39 L.Ed.2d at 397-401.

The United States Court of Appeals for the Second Circuit has squarely held that the jurisdiction of the district courts continues to extend to such constitutional questions.   See Disabled Am. Veterans v. United States Dep't of Veterans Affairs, 962 F.2d 136, 140-41 (2d Cir.1992); Larrabee v. Derwinski, 968 F.2d 1497, 1501 (2d Cir.1992).   In Zuspann, the Fifth Circuit Court of Appeals also indicated, albeit in dicta, that, despite the VJRA, facial constitutional challenges may be maintained in the district courts. Zuspann, 60 F.3d at 1158-59.

Amendment V
"nor be deprived of life, liberty, or property, without due process of law"

Plaintiff Eddy Jean Philippeaux hereby files this complaint against the defendants, United States of America, U.S. Department of Veterans Affairs and un-named agents of the United States Department of Veterans Affairs states as follows:

1. This is an action brought against the United States of America under the Federal Tort Claims Act (28 U.S.C. § 2671, et. Seq.) and 28 U.S.C. §1346(b)(1) for negligence and medical malpractice, and the American with Disabilities Act of 1990, 42 U.S.C. §12101 et seq. as amended and the due process clause of the 5th amendment of the United States Constitution for the 23 years delay in the processing of the veteran's traumatic brain injury (TBI) claims which resulted in additional personal and physical injuries and for the wrongful death of the veteran's mother and great economic losses from a lifetime employment earnings in a high wage technical field of avionics and information technology field as a Unix systems administrator in connection with the VA's failure to provide the appropriate medical care to treat the veteran's brain injuries which involves brain damage to the pituitary gland, spinal cord and the thyroid gland and for failure to provide the rehabilitation services necessary so that the veteran could have achieve independence and reintegration to the community. The veteran is now 66 years old and has lost his earning capacity and equity in his social security pension as the result of his inability to work in a high wage technical field for 23 years. This veteran was entitled under laws of the United States (38 U.S.C. 1710C) and other statutes for medical services, treatment and rehabilitation services for the traumatic brain injury he suffered in the line of duty while serving in the United States Navy and related diseases contracted (cognitive and memory deficits issues, hyperthyroidism, headaches, dizziness, fatigue, seizures, stomach pain) while he was on active duty service in the U.S. Navy and following his discharge from active duty service when he applied for disability through the U.S. Dept. of Veterans Affairs.

**JURISDICTION AND VENUE**

2. This action is brought against the United States pursuant to 28 U.S.C. §1346(b)(1),

Venue is proper under §1402(b), and §§2671-2680 et seq. under the Federal Tort

Claims Act and American with Disabilities Act of 1990 as amended, 42 U.S.C.

§12101 et. Seq. for additional injuries suffered after military active duty discharge

Amendment V

"nor be deprived of life, liberty, or property, without due process of law"

and in the hand of the Department of Veterans Affairs (VA) while disabled and incapacitated suffering from mental disorders including PTSD, post-traumatic amnesia (PTA) and depression due to a head injury which involves internal brain damage suffered in the line of duty while serving in the United States Navy -These claims presented here to this Court are claims for injuries and monetary damages that are beyond the service connected TBI injuries and for the VA Regional Offices to take twenty-three (23) years in the processing of this veteran's traumatic brain injury claim which is still pending from February 1995 renders section 511 of Title 38 is challenged here to be declared unconstitutional because it violates the veteran's rights to property, it allows the VA regional offices employees to do as they please and it takes as long as they want including unlimited amount of time if not forever to process a veteran's claim while causing death and injuries to injured veterans and their families, this veteran in particular. In this case it denied veteran's rights to benefits in 1995 and also denied of his appeal rights accorded by the Veterans Judicial Review Act of 1988. The veteran suffered injuries from VA acts of negligence by its employees working in their individual capacities taking advantage of his incapacitated status by depriving him of the benefits of Title 38 as it relates to the proper health care, treatment and rehabilitative services for residual diseases of his traumatic brain injury under 38 U.S.C. 1710C including denial of treatment for nerves, enlargement of pituitary gland, enlargement of thyroid gland, abnormal spinal cord and hyperthyroidism, all of which were left untreated for the entire period of time from 1995 when veteran reported these

Amendment V

"nor be deprived of life, liberty, or property, without due process of law"

conditions to the Department of Veterans Affairs through the present time and

continuing as this lawsuit was filed.

See United States v. Brown, 348 U.S. 110 (1954), and  Bivens v. Six Unknown Named

Agents 403 U.S. 388 (1971).

3.  An administrative claim was presented to the Office of General Counsel of the

Department of Veterans Affairs which responded with a denial letter dated

May 29th, 2018 herein attached as veteran's Exhibit "A".

4.   Filed within six (6) months of receiving the general Counsel's denial letter, all

conditions precedent to a Federal Tort Claims Act have been met.

It is worth noting In Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 93-96 (1990), the Supreme Court found that the 30-day limitations period in Title VII of the Civil Rights Act of 1964 could be equitably tolled.  In so doing, the Court adopted a generally applicable "presumption" to replace its prior ad hoc determinations regarding when a statute of limitations for actions against the United States was subject to equitable tolling.  In T.L. ex rel. Ingram v. United States, 443 F.3d 956, 959-61 (8th Cir. 2006), the Eighth Circuit, which in Schmidt had reasoned that the FTCA's statute of limitations was not jurisdictional because it was subject to equitable tolling, decided, upon further reflection and development in the caselaw, that the FTCA's statute of limitations could be both jurisdictional and subject to equitable tolling.

**PARTIES**

5.  Plaintiff Philippeaux is at all times a resident hereto was a resident of the State of

New York, State of California and State of Florida.

Amendment V
"nor be deprived of life, liberty, or property, without due process of law"

6. Defendants United States of America, through its agency Department of Veterans Affairs operates the Veterans Affairs Medical Centers, and Un-named Agents of the Department of Veterans Affairs located in the above mentioned states.

7. Defendants United States of America including its directors, officers, operators, administrators, employees, agents, and staff at the VA Medical Centers and VA Regional Offices are herein collectively referred to VA Healthcare Medical Centers.

8. At all times relevant to this complaint, the VA Medical Centers held themselves out to the plaintiff and eligible beneficiaries, as provider of high quality health care services, with the expertise necessary to maintain the health and safety of patients like the plaintiff.

9. At all times relevant to this complaint, the directors, officers, operators, administrators, employees, agents, and staff were employed by and/or acting on behalf of the Defendants.

Furthermore, the Defendant is responsible for the negligent acts of their employees.

10. Jurisdiction is proper under 28 U.S.C. §1346(b)(1), in that all or substantial part of the acts and omissions forming the basis of these claims occurred in the districts of New York, California and Florida.

## STATEMENT OF FACTS

11. As the result of the VA employees' negligence including VA healthcare employees, the veteran health status over time was

Amendment V
"nor be deprived of life, liberty, or property, without due process of law"

aggravated from a chronic mental depression disorder (MDD) in 1997 to Psychosis in 2009 Because of VA's failure to provide the veteran with the proper diagnosis, treatment and rehabilitative services then that he was entitled to under laws of the United States (Title 38).  Resulted in the deprivation of property under the due process clause of the fifth amendment of the U.S. Constitution due to a traumatic brain injury that he suffered in the line of duty while he was on active duty in the U.S. Navy aboard a U.S. Battleship (USS McCandless FF-1084) which left him with residual diseases such severe headaches, dizziness, memory and cognitive issues which interfered with his ability to maintain employment in a high earning and high in demand field of information technology as a wall street Certified Unix Systems Administrator thereby resulted in his inability to have supported himself and his children, endured extreme poverty and homelessness over a long period of time.  The VA failed to provide him with the  proper diagnosis, treatment and rehabilitative services required for reintegration into the community which would promote self-productivity, and independence.   VA employees breached their duties to the veteran as mandated by law (38 U.S.C. 1710C) and other VA laws including denial of access to the Veterans Judicial Review Act of 1988 following denial of application for TBI disability benefits resulting in the veteran's

7

Amendment V

"nor be deprived of life, liberty, or property, without due process of law"

aggravation of TBI residual related diseases and permanent brain damage, poverty and homelessness. The veteran suffered great economic losses in the millions of dollars in earnings and bonuses as a certified wall street information technology administrator due to his mental instability including cognitive and memory issues residual of the head injury that he suffered on October 12th, 1977 which was largely left untreated by the military (U.S. Navy) and then by the Dept. of Veterans Affairs.

### FACTUAL ALLEGATIONS

12.     The veteran had enlisted in the U.S. Navy on Sept. 1972, during his third tour of duty while he was stationed on a battleship homeported in Norfolk, Virginia, he suffered a traumatic brain injury on October 12th, 1977.

13.     The traumatic brain injury (TBI) resulted in internal brain damage

to the  pituitary gland, thyroid gland  and spinal cord.

14.     Shortly thereafter the injury in 1979, while still in service the veteran was diagnosed with hormone disorders (hyperthyroidism) which was left untreated by the military.

Amendment V
"nor be deprived of life, liberty, or property, without due process of law"

15. Furthermore, while still on active duty service in 1979, the veteran started to experience headaches, anxiety, mood swings, feeling nervous and blurred vision.

16. As the result of the brain injury, the veteran was no longer able to perform his military duties and was discharged.

17. Two years following discharge from active duty, the veteran fell gravely ill and was hospitalized and placed in an intensive care unit for a week.

18. As the result of the brain injury, the veteran was suffering from post-traumatic amnesia and was not able to remember the TBI event.

19. Furthermore, following discharge from active duty over time, the veteran was diagnosed with PTSD, anxiety, depression, dizziness, fatigue, seizures, stomach disorder, pain (peptic ulcer), low grade fever, and balance issues.

20. On July 12th, 1996, The veteran underwent a VA Medical Compensation examination and was diagnosed

Amendment V
"nor be deprived of life, liberty, or property, without due process of law"

with Dysthymic Disorder which is a form of recurring chronic depression.

The Department of Veterans Affairs had custody of the veteran's entire medical records including his service medical records failed to review the veteran's medical history including his military service medical records which resulted in the misdiagnosis of the veteran's true condition and health status which should have been traumatic brain injury.

21.     At all times the VA employees were aware or should have been aware of the veteran's health status which included diagnosis of brain damage in the form of pituitary gland enlargement, thyroid gland enlargement, abnormal spinal cord and hyperthyroidism.

22.     Following military discharge, the veteran was diagnosed with these brain damages by various hospitals and clinical laboratories including George Washington University Medical Center and the Neurology Center of Washington, D.C.

Amendment V

"nor be deprived of life, liberty, or property, without due process of law"

23.  The Department of Veterans Affairs failed to provide the veteran with the diagnosis and the necessary care and treatment as it was required by law in order to mitigate his brain damages result of the brain injuries he suffered in the line of duty while he was in the military.

24.  As the result of the VA Medical Centers negligence, failure to diagnose and treat related diseases of TBI, the veteran's health status was aggravated from a diagnosis of depression to psychosis resulting in severe disability and unemployment for several years from year1995 through 2000.

25.  As the result of the VA Medical Centers negligence, failure to diagnose and treat related diseases of TBI, the veteran's was unable to maintain steady employment from 2000 through 2008.

26.  As the result of the VA Medical Centers negligence, failure to diagnose and treat related diseases of TBI, the veteran was unable to work from 2008 through the present time.

Amendment V
"nor be deprived of life, liberty, or property, without due process of law"

27.     As the result of the VA Medical Centers negligence, failure to diagnose and treat related diseases of TBI, the veteran endured poverty and homelessness for almost a decade.

28.     As the result of the VA Medical Centers negligence, failure to diagnose and treat related diseases of TBI, the veteran endured significant mental and emotional distress and trauma as the result of not receiving the proper treatment for his brain injuries.

## CAUSE OF ACTION
## COUNT I – MEDICAL MALPRACTICE NEGLIGENCE

29. Plaintiff Philippeaux realleges and reincorporates each and every allegation above fully set forth herein.

30. The defendant had a duty to provide standard care as generally accepted in the medical field and as required by law 38 U.S.C. §1710C consistent with the required medical specialist in the field of neurology, endocrinology, psychology, sociology.

Amendment V

"nor be deprived of life, liberty, or property, without due process of law"

31. The defendant breached its duty of care to Mr. Philippeaux in the failing to exercise reasonable care by reviewing the veteran's medical history whose records were in its custody.

32. The defendant breached its duty by failing to have in place the proper procedures which would ensure a comprehensive analysis of the veteran's health status including the review of the veteran's entire medical history.

33. The defendants' actions were the cause and result of the plaintiff's injury which involves deterioration of mental health status which resulted in his inability to earn a living through the maintenance of steady employment, resulted in extreme poverty, homelessness and inability to provide for his mother and children.

34. At all times relevant to this complaint, the defendant had a duty to hire, competent operators, administrators, employees, agents, staff in order to meet its standard of care for Mr. Philippeaux.   The defendants knew or should have known that it should have reviewed the plaintiff's medical history and medical records which was necessary to provide the appropriate level of care to Mr. Philippeaux

Amendment V
"nor be deprived of life, liberty, or property, without due process of law"

that met all applicable legal requirements set forth by statutes of
congress including by specific statute 38 U.S.C. §1710C.

35. The Defendant failed to provide the plaintiff with the necessary
treatment and rehabilitative services that was required in order for
him to maintain employment and achieve independency.

36. As the result of the defendants' actions, the plaintiff was unable to
financially care for his mother as he was required by law since he had
brought her into the country for his children as he was required by
laws under child support laws

37. The defendants actions resulted in monetary damages to the plaintiff
in the millions of dollars through loss of wages in a high wage field
of information technology in the wall street financial industry.

38. As the result of the defendants' actions, the plaintiff was unable to
earn a living, he struggled to maintain employment only for a few
months at one time, fired from job to job because of his
incapacitation through cognitive and memory issues

39. As a direct and proximate result of the defendants' negligence, Mr.
Philippeaux suffered serious and permanent personal and physical
injuries in and about his body; he was forced to suffer pain, suffering

Amendment V
"nor be deprived of life, liberty, or property, without due process of law"

and mental anguish in the past and will continue in the future, loss of enjoyment of life in the past and in the future, loss of wages of approximately $4400.00 per week in the past and more in the future not including bonuses.

40. The acts and/or omissions set forth above would constitute a claim under the laws of the State of New York, California and the State of Florida.

41. The defendants are liable under 28 U.S.C.§1346(b)(1).

## CAUSE OF ACTION
## COUNT II – WRONGFUL DEATH

42. Plaintiff Philippeaux realleges and reincorporates, each and every allegation above as if fully set forth herein.

43. At all times relevant to this case, the directors, officers, operators, administrators, employees, agents, staff were employed by and/or acting on behalf of the Defendants.

44. As the result of the Defendant's actions in the wrongful denial of the veteran's benefits rights and access to the appeal process provided by U.S. Congress under the veteran's judicial review act of 1988 , the veteran who was living with his mother was evicted from their

Amendment V
"nor be deprived of life, liberty, or property, without due process of law"

dwelling, the veteran became homeless and his mother was
involuntarily sent to a nursing home in Hempstead, New York where
she suffered a wrongful death.

45. If it was not for the Defendant's action in the wrongful deprivation
of the veteran's property interest, the veteran's mother would more
likely be still alive.

## CAUSE OF ACTION
## <u>COUNT III – DUE PROCESS</u>

46. Plaintiff Philippeaux realleges and reincorporates, each and every
allegation above as if fully set forth herein.

47. The defendants on February 7th, 1997 denied the veterans access to
the Veterans Benefits Act et seq. by its failure to review his service
medical records and post-service medical records in denying him his
rights to entitled benefits thereby denying him right to property under
the due process and equal protection clause of the fifth amendment of
the U.S. Constitution.

48. The defendants on July 30th, 1997 denied the veterans access to the
Veterans Benefits Act et seq. by denying him rights to appeal his
denial of benefits through denial access to the rights provided by the

Amendment V
"nor be deprived of life, liberty, or property, without due process of law"

Veterans Judicial Review Act of 1988 thereby denying him right to property under the due process and equal protection clause of the fifth amendment of the U.S. Constitution.

49. The Defendant in July 1997 uneven handed application of the law which wrongfully denied plaintiff both its rightful mandatory benefits and appeal process rights under the VJRA subjected the veteran to arbitrary exercise of government power which resulted in the demise of the veteran for an entire lifetime of good health, potential success and the wrongful death of his mother.

50. As the result of the Defendant's flawed procedure, the plaintiff while mentally incapacitated was erroneously deprived of his property interest which was mandated by law as non-discretionary.

With regard to the requirements of the due process clause of the Constitution, the pertinent inquiry is whether the totality of the situation provides claimants with "adequate notice of judicial disposition of their claim and an adequate opportunity to challenge an adverse ruling." E. Paralyzed Veterans Assoc., Inc. v. Principi, 257 F.3d 1352, 1358-59 (Fed. Cir. 2001); see also Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542-46 (1984) ("The essential requirements of due process . . . are notice and an opportunity to respond.").

The Cushman holding – that a veteran raising a service connection claim has a due process right to fair adjudication of the claim for benefits – broadens the required procedures necessary to comply with the Due Process Clause on account of the "non-discretionary, statutorily mandated" nature of those benefits. Cushman v. Shinseki, 576 F.3d 1290 (2009)

Amendment V
"nor be deprived of life, liberty, or property, without due process of law"

# CAUSE OF ACTION
## COUNT IV – EQUAL PROTECTION

51. Plaintiff Philippeaux realleges and reincorporates, each and every allegation above as if fully set forth herein.

52. The veteran was denied equal protection of the laws because of his mental disabilities (post-traumatic Amnesia).

53. The veteran forgot that he had appealed his denial of medical and other compensation for his disabilities for 13 years.

54. As the result of his inability to recall past events, the defendants moved to discard his appeal and failed to take the appropriate administrative procedural actions to resolve his appeal filed under the veterans judicial review act and completely abandoned his appeal.

55. The defendants' action resulted in the plaintiff not receiving treatment for his mental health condition for 13 years which deteriorated from a diagnosis of depression to a diagnosis of psychosis result of permanent brain damage and inability to function independently and maintain employment.

Amendment V
"nor be deprived of life, liberty, or property, without due process of law"

56. The veteran had not been able to work at all since 2008 due to his feeling of dizziness, nervousness, fatigue, headaches, stomach pain and other ailments.

57. Additionally, the veteran was suffering a left groin inguinal hernia which had its onset in active duty service result of lifting too much weight from his job as a storekeeper in the U.S. Navy which deteriorated to a bilateral inguinal hernia which required surgical procedure on both sides of his groin as well as an additional surgical procedure for the recurrence of the left groin hernia.

## CAUSE OF ACTION
## COUNT V – AMERICAN WITH THE DISABILITIES ACT

58. Plaintiff Philippeaux realleges and reincorporates, each and every allegation above as if fully set forth herein.

59. The veteran was disabled within the meaning of the American with Disabilities Act in that the veteran had a physical and mental impairment that substantially limits major life activity such as post-traumatic amnesia or memory issues, the veteran was diagnosed with anxiety, mood swings and a nervous condition (depression) while on active duty.

Amendment V
"nor be deprived of life, liberty, or property, without due process of law"

60.  In 1995 The veteran was entitled under laws of the United States
     (Title 38) section 1710C and other statutes to receive the medical
     rehabilitation services for his traumatic brain injury which involves
     internal brain damage to the pituitary gland, spinal cord and thyroid
     gland. Brain injuries suffered in the line of duty.


61.  The defendants subjected the veteran to discrimination because of
     his disabilities by depriving him of his legal rights to property
     interest protected under the laws of the United States by wrongfully
     denying his claims for rehabilitation services and his appeal rights to
     the denial of those claims knowing the fact that he was mentally
     incapacitated and the U.S. Constitution.

62.  The VA Regional Offices of New York, California and Florida
     collectively covered-up the veteran's pending appeal from 1995
     through 2016 until the veteran was able to demonstrate that his 1995
     application or claims for disability was still pending.

63.  The veteran suffered discrimination because of his physical,
     psychological, cognitive and memory disabilities. The Dept. of
     Veterans Affairs moved to take advantage of the veteran's mental

Amendment V
"nor be deprived of life, liberty, or property, without due process of law"

incapacitation and disabilities by failing to act on his appeal rights

accorded by the Veterans Judicial Review Act of 1988 while he was

enduring pain and suffering homelessly in the cold winter of New

York City for years. These actions or inactions by the VA Regional

Offices over 16 years or longer deprived the veteran from the mental

capacity required to find and maintain employment in a high paying

field of wall street information technology (Certified Unix Systems

Administrator).

64. The veteran succeeded in obtaining employment with many top

entities but was not able to keep them because of his mental

instability, cognitive and memory disabilities interfered with his

ability to perform his job, so he was being laid off from job to job.

65. These are the entities that the veteran worked for as Unix Systems

Administrator and was not successful or unable to hold the job due to

his mental instability while the VA Regional Offices was failing to

act on his appeal for rehabilitation services for his traumatic brain

injury suffered in the line of duty in the U.S. Navy: Morgan Stanley,

Bank of New York, City of New York department of Information

Technology and telecommunication (DOITT), United Nations

Amendment V
"nor be deprived of life, liberty, or property, without due process of law"

Federal Credit Union, Unisys/Transportation Security Administration

Dept of Homeland Security, Depository Trust and Clearing Company

(DTCC), American Lawyer Media, Miami Dade County Dept. of

Information Technology, ASI New York, Globix, International

Paper, ITG, United States Dept. of Commerce, E-Systems, Executive

Resources and Associates, Bank of America.

66. The veteran was protected under the American with disabilities Act.

67. As the result of his disabilities, the veteran was deprived of his legal

rights to property interest and equal protection of the laws.

68. As the result of the deprivation, the veteran suffered additional

injuries to his mental and physical health which include aggravation

of a diagnosis of depression to a diagnosis of psychosis, extreme

poverty and homeless for almost a decade.

69. As the result of the deprivation of the proper health care treatment,

the veteran was unable to maintain steady employment.

70. As the result of the deprivation, the veteran's mother was sent and

suffered a wrongful death in a nursing home.

71. As the result of the deprivation, the veteran's children suffered

extreme poverty and deprived of a great education.

Amendment V

"nor be deprived of life, liberty, or property, without due process of law"

## COUNT VI CARIOUS LIABILITY, RESPONDEAT SUPERIOR OBSTENSIBLE AGENCY AND/OR AGENCY

72. Plaintiff Philippeaux realleges and reincorporates, each and every allegation above as if fully set forth herein.

73. At all times relevant to this case, the directors, officers, administrators, employees, agents, staff were employed by and/or acting on behalf of the Defendant.

74. At all times relevant to this complaint, the directors, officers, administrators, employees, agents, staff acted within their respective capacities and scope of employment for the Defendant.

75. The directors, officers, administrators, employees, agents, staff negligently and/or recklessly directly or proximately caused the veteran's personal health injuries and a lifetime of economic losses through both acts of omission and acts of commission.

76. As the direct result and proximate result of the Defendant's negligence.  Mr. Philippeaux, the veteran sustained serious and

Amendment V
"nor be deprived of life, liberty, or property, without due process of law"

permanent personal injuries, mental, physical and economic.  He has suffered damages to his social life which include bad relationships with his children, he was forced to endure pain, suffering and mental anguish, he has suffered a loss of enjoyment of life and will continue to suffer a loss of enjoyment of life in the future, he has lost high wages through his inability to work in a high demand technical field (wall street information technology) and will continue to lose wages in the future.

77. The acts and/or omissions set forth above would constitute a claim under the laws and the Constitution of the State of New York, State of California and the State of Florida.

78. The Defendants are liable pursuant to 28 U.S.C. §1346 (b)(1).

79. The Defendants are liable pursuant to 42 U.S.C. §12101.

80. The Defendants are liable under the due process and the equal protection clause of the Fifth Amendment of the U.S. Constitution.

Amendment V
"nor be deprived of life, liberty, or property, without due process of law"

# FIRST CLAIM FOR RELIEF
# (MEDICAL MALPRACTICE)

Plaintiff Philippeaux realleges and reincorporates, each and every allegation above as if fully set forth herein.

81. Plaintiff repeats and realleges paragraph 1 through 25 as it sets forth in full

82. The Department of Veterans Affairs violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

83. The employees of the Department of Veterans Affairs breached its duty to provide equal treatment to this veteran when it denied him the appeal rights afforded by the Veterans Judicial Act of 1988 while he was incapacitated and suffering from Post-Traumatic Amnesia (PTA) a memory residual disease of traumatic brain injury.

# SECOND CLAIM FOR RELIEF
# (DUE PROCESS)

Plaintiff Philippeaux realleges and reincorporates, each and every allegation above as if fully set forth herein.

Amendment V
"nor be deprived of life, liberty, or property, without due process of law"

# THIRD CLAIM FOR RELIEF
## (EQUAL PROTECTION)

Plaintiff Philippeaux realleges and reincorporates, each and every allegation above as if fully set forth herein.

# PRAYER FOR RELIEF

WHEREFORE, The veteran respectfully requests that this Court award compensatory and punitive damages for negligent medical malpractice, due process violations, equal protection violations and other acts of torts as follow:

1) Lost wages for past and future, pain and suffering, mental and emotional distress, past and future impairment, loss of enjoyment of life totaling $6,500,000.00

2) Denial of the veteran's appeal rights under the Veterans Judicial Review Act of 1988.

3) Denial of the veteran's rights under the American with disabilities Act.

4) Denial of the veteran's due process rights under the Fifth Amendment of the U.S. Constitution.

5) Denial of the veteran's equal protection clause under the Fourteenth Amendment of the U.S. Constitution.

6) Costs and Attorney's fees incurred in this civil action together with such further and additional relief at law or in equity that this Court may deem proper.

**Amendment V**

"nor be deprived of life, liberty, or property, without due process of law"

Respectfully submitted,

Eddy Jean Philippeaux
201 SE 2nd Ave
Apt. # 2521
Miami, Florida 33131

Dec 13th, 2018